# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

**CASE NO.: 8:23-cv-00061**

CARTESIAN PRODUCTS, INC.,

    Plaintiff,

v.

ROPER TECHNOLOGIES, INC., iSQFT, INC. formerly known as CONSTRUCTION SOFTWARE TECHNOLOGIES, INC. and ON CENTER SOFTWARE, INC.,

    Defendants.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT AND TRADE SECRET MISAPPROPRIATION
### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff CARTESIAN PRODUCTS, INC. by and through its undersigned counsel, brings this Complaint against Defendants ROPER TECHNOLOGIES, INC., iSQFT, INC. formerly known as CONSTRUCTION SOFTWARE TECHNOLOGIES, INC. and ON CENTER SOFTWARE, INC., for damages and injunctive relief, and in support thereof states as follows:

### JURISDICTION AND VENUE

1. This is an action arising under the Copyright Act, 17 U.S.C. § 501, the Economic Espionage Act of 1996 as amended by the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b), and the laws of the State of Florida.

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

2. This Court has subject matter jurisdiction over these claims pursuant 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a), and 1367.

3. Defendants are subject to personal jurisdiction in Florida.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants resides in this district, and Defendants are subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff Cartesian Products, Inc. ("Cartesian") is a Massachusetts corporation with its principal place of business in Newton, Massachusetts.

6. Defendant Roper Technologies, Inc. ("Roper") is a Delaware corporation, with its principal place of business at 6901 Professional Parkway, Sarasota, FL 34240. Roper owns companies that develop and license software products for vertical markets. One such vertical market is the construction industry. One company in the construction industry vertical that Roper owns is iSQFT, Inc.

7. Defendant iSQFT, Inc. ("iSQFT") is a Delaware corporation with its principal place of business at 3825 Edwards Road, Cincinnati, Ohio 45209. iSQFT, Inc. is a subsidiary of Roper. iSQFT, Inc. was formerly known as Construction Software Technologies, Inc. ("CSTI"). iSQFT also does business as CONSTRUCTCONNECT.

8.      Defendant On Center Software, Inc. ("On Center"), is a Texas corporation with its principal place of business at 8708 Technology Forest Place, Suite 175, The Woodlands, Texas, 77381.

## CARTESIAN'S SOFTWARE

9.      Beginning in or about 1992, Peter Mark, one of the founders of Cartesian, created image compression and decompression software using complex mathematical algorithms. Cartesian's software eventually found great utility in the building and construction industry as it moved its processes to digital platforms.

10.     In 2005, Cartesian created the version of the software at issue in this case, entitled "Cartesian CPC Decompression Software Development Kit (Win32/X86), version 5.2." which is referred to herein as the "Work" or the "Cartesian SDK".

11.     Cartesian registered the Work with the Register of Copyrights on December 30, 2022 and was assigned the registration number TXu 2-349-538.  The Certificate of Registration is attached hereto as Exhibit 1.

12.     The Cartesian SDK and the digital information contained within the Cartesian SDK, is a compilation and program that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

13. The Cartesian SDK implements, among other things, confidential and proprietary compression algorithms for use in digital image decompression.

14. The compilation of digital information, including the compression algorithms for use in digital image compression and decompression contained within the Cartesian SDK, are trade secrets of Cartesian.

**INFRINGEMENT AND TRADE SECRET MISAPPROPRIATION BY ROPER**

15. In 2005, Construction Software Technologies, Inc. (CSTI), the predecessor to iSQFT, entered into two agreements with Cartesian: a Software License Agreement and a Distribution Agreement. Both agreements related to the Work.

16. The Software License Agreement permitted CSTI to use, but not to sell or otherwise distribute, the Cartesian SDK on a single computer residing on CSTI's premises for the sole purpose of developing derivative works based on the Cartesian SDK.

17. Under the License Agreement, CSTI was obligated to pay Cartesian a single, one-time non-refundable licensing fee for the use of the Cartesian SDK on a single computer.

18. The Distribution Agreement permitted CSTI to bundle CSTI software with a compression/decompression client created with the Cartesian SDK, and distribute that client with CSTI's software, consistent with the terms of the Distribution Agreement.

19. Pursuant to the Distribution Agreement, CSTI was obligated to pay Cartesian a) an annual licensing fee for continued use of the Cartesian SDK to create clients for distribution with CSTI software, and b) a per unit royalty for every licensed Cartesian SDK client that CSTI distributed with its software.

20. The agreements between CSTI and Cartesian provided, among other things, that: CSTI would not (i) decompile, reverse engineer, disassemble or otherwise reduce the Cartesian SDK to a human-readable form; (ii) modify the Cartesian SDK in any way without the prior written consent of Cartesian; (iii) deploy for any purpose other than evaluation or pursuant to the Distribution Agreement any derivative works based on the Software; (iv) copy the Cartesian SDK other than for archival purposes; (v) rent, lease, grant a security interest in, or otherwise transfer rights to the Cartesian SDK or to derivative works based on the Cartesian SDK; and (vi) remove any proprietary notices or labels on the Cartesian SDK.

21. The agreements between CSTI and Cartesian also provided that the Cartesian SDK was owned by Cartesian and its structure and algorithms are the valuable trade secrets of Cartesian.

22. The agreements between CSTI and Cartesian also provided that CSTI shall protect the Cartesian SDK from unauthorized dissemination and use with the same degree of care that CSTI uses to protect its own proprietary software.

23. Cartesian invested substantial time, effort, and financial resources creating the Work and promoting the Work in interstate commerce.

## INFRINGEMENT AND TRADE SECRET MISAPPROPRIATION BY DEFENDANTS

24. Following the execution of the Software License Agreement and the Distribution Agreement, CSTI used the Cartesian SDK to develop software with a decompression client created with the Cartesian SDK. According to CSTI, its use of the SDK related to its partnership with On Center.

25. In early 2007, CSTI terminated the Distribution Agreement.

26. CSTI advised Cartesian that it was no longer using the Cartesian SDK because it had terminated its partnership with On Center.

27. CSTI ceased payment of annual licensing fees and royalties to Cartesian pursuant to the Distribution Agreement in 2007.

28. Cartesian did not communicate with CSTI, its successor iSQFT, or On Center, concerning the Cartesian SDK after 2007 until 2022.

29. In April of 2022, Cartesian learned, for the first time, that after 2007, and through 2022, CSTI and its successor iSQFT, continued to use the Cartesian SDK to bundle CSTI software with a compression/decompression client created with the Cartesian SDK, and distribute that client with CSTI's and iSQFT's software including in the On Center software.

30. The continued use of the Cartesian SDK by defendants and their predecessors and related entities was unauthorized and unlicensed.

31. After discovering the continued use of the Cartesian SDK without authorization of Cartesian, Cartesian notified iSQFT, as the successor to CSTI, and

Roper, as the parent of iSQFT, to cease and desist from further use of the Cartesian SDK and account to Cartesian for the unauthorized use.

32. After contacting Roper, executives of Roper responded and acknowledged that Roper and its subsidiaries used the Cartesian SDK after the Distribution Agreement was terminated.

33. To date, despite repeated demands, defendants have failed to account to Cartesian for their unauthorized use of the Cartesian SDK.

34. Cartesian has been harmed.

35. The harm to Cartesian is irreparable.

## COUNT I
## COPYRIGHT INFRINGEMENT

36. Cartesian incorporates the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Cartesian owns a valid copyright in the Work at issue in this case.

38. Cartesian registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

39. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Cartesian's authorization in violation of 17 U.S.C. § 501.

40. Defendants performed the acts alleged in the course and scope of their business activities.

41. Defendants' acts were willful.

42. Cartesian has been damaged.

43. The harm caused to Cartesian has been irreparable.

## COUNT II
### VIOLATION OF THE ECONOMIC ESPIONAGE ACT OF 1996 AS AMENDED BY THE FEDERAL DEFEND TRADE SECRETS ACT OF 2016

44. Cartesian incorporates the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

45. The information contained within the Work is a trade secret of Cartesian.

46. Defendants' acquired Cartesian's trade secrets in interstate commerce by improper means without the permission or authority of Cartesian in violation of 18 U.S.C. § 1836(b).

47. Defendants committed acts in furtherance of their acquisition and misappropriation of Cartesian's trade secrets in the United States.

48. Cartesian has been damaged.

49. The harm caused to Cartesian has been irreparable.

## COUNT III
### FLORIDA THEFT OF TRADE SECRETS

50. Plaintiff Cartesian incorporates the allegations of Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

51. The compilation of information contained within the Work is a trade secret of Cartesian.

52. Defendants acquired the compilation of information contained within the Work by improper means without the permission or authority of Cartesian in violation of Chapter 688, Florida Statutes.

53. Cartesian has been damaged.

54. The harm caused to Cartesian has been irreparable.

WHEREFORE, the Plaintiff Cartesian Products, Inc. prays for judgment against the Defendants that:

A. For seizure of all property necessary to prevent the further propagation or dissemination of the Cartesian SDK software, including but not limited to the computers, internet web servers, software, code, products, articles, items, and any other digital or printed materials of any kind containing the Cartesian SDK software;

B. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501, 18 U.S.C. § 1836(b), and the Florida Statutes;

C. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from infringing Cartesian SDK software, including from:

   i. copying, duplicating, distributing, making available, using, displaying or making derivative works of the Cartesian SDK software;

  ii. engaging in any activity constituting unfair competition with Cartesian or with Cartesian's rights in, or to use, or to exploit, the Cartesian SDK Software;

  iii. assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in sub-paragraphs (i)-(iii) above;

 D. Defendants and all of their principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, assignees and all others acting in privity, concert or participation with Defendants, who receive actual notice of said order, be required to deliver up all software, code, products, articles, items, and any other digital or printed materials of any kind containing the Cartesian SDK Software;

 E. Direct Defendants to account for all profits and monies earned from using the Cartesian SDK software and derived in any way from its wrongful acts;

 F. Award Cartesian actual damages in an amount to be proved at trial and/or as otherwise provided by law;

 G. Enter judgment for Cartesian and against Defendants:

  i. for the actual damages suffered by Cartesian as a result of the copyright infringement and trade secrets theft complained of herein; and

  ii. for the disgorgement of any profits of Defendants that are attributable to Defendants' infringement or trade secrets theft not taken

into account by an award of actual damages, including in particular but without limitation, the value of all gains, profits, advantages, benefits and consideration derived by Defendants since the beginning of their infringement from the sales of their products and services;

H.  Preliminarily and permanently enjoin Defendants and their officers, agents and employees and all persons acting in concert with them, during the pendency of this action and permanently thereafter, from infringing the Cartesian SDK Software;

I.  Award Cartesian prejudgment interest;

J.  Award Cartesian its reasonable attorney fees and costs of suit incurred herein pursuant to the applicable statutes;

K.  Award Cartesian exemplary damages two times the amount of compensatory damages for the willful and malicious misappropriation of Cartesian's trade secrets; and

L.  Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: January 9, 2023                 Respectfully submitted,

/s/ Joel B. Rothman
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com

CRAIG A. WIRTH
Florida Bar Number:  125322
craig.wirth@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number:  1032760
angela.nieves@sriplaw.com
LAYLA T. NGUYEN
Florida Bar Number:  1024723
layla.nguyen@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Cartesian Products, Inc.*