UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CARTESIAN PRODUCTS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ROPER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 8:23-cv-00061-KKM-JSS<br><br>Judge Kathryn Kimball Mizelle<br>Magistrate Judge Julie S. Sneed |

**MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION**

Pursuant to Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, Defendants, Roper Technologies, Inc. and ConstructConnect, Inc.,[1] submit this Motion to Stay Proceedings and Compel Arbitration ("Motion") and request that the Court enter an order compelling Plaintiff Cartesian Products, Inc. to proceed with its claims, if at all, through arbitration and staying this litigation in favor of arbitration. In support of this Motion, Defendants state as follows:

**I. Introduction**

ConstructConnect licensed and distributed Cartesian's software pursuant to the terms of two agreements: a Software License Agreement and a Distribution Agreement (the "Agreements"). (True and correct copies of the Software License

---

[1] Named Defendants iSQFT, Inc., f/k/a Construction Software Technologies, Inc., and On Center Software, Inc. have been merged into one entity, ConstructConnect, Inc. Defendant Roper Technologies, Inc. is the parent company of ConstructConnect.

Agreement and Distribution Agreement are attached as Exhibits A and B, respectively.[2])  Through its complaint, Cartesian alleges that ConstructConnect exceeded its authorization under the Agreements through its alleged use and distribution of Cartesian's software.  But both Agreements provide that "[a]ny controversy or dispute between the parties concerning this Agreement . . . **shall be submitted to arbitration**" before the American Arbitration Association, not litigated in court.  Ex. A § 6.3 (emphasis supplied); Ex. B § 7.3 (same).  By the plain language of the Agreements and by the AAA rules which delegate to the arbitrator the power to decide issues of arbitrability, this dispute must be arbitrated.

## II. The Arbitration Agreements

As alleged in the Complaint, in 2005, ConstructConnect's predecessor "entered into two agreements with Cartesian: a Software License Agreement and a Distribution Agreement."  Compl. (Doc. 1) ¶ 15.  These Agreements provide that ConstructConnect may use (Software License Agreement, Ex. A) and distribute (Distribution Agreement, Ex. B) Cartesian's software consistent with the terms of the respective Agreement.  *See* Compl. (Doc. 1) ¶¶ 16–22.  The Agreements were drafted by Cartesian.  *See* Ex. B (certain form information left blank for

---

[2] Despite referring to the Agreements extensively, *see* Compl. (Doc. 1) ¶¶ 15–22, Cartesian did not include either Agreement as an attachment to the Complaint.  A court can consider evidence outside of the pleadings for purposes of a motion to compel arbitration.  *See, e.g.*, *Leslie v. BBVA USA*, No. 1:20-cv-02891, 2020 WL 10139372, at *2 n.4 (Oct. 27, 2020), *report and recommendation adopted*, 2021 WL 2516588 (N.D. Ga. Jan. 19, 2021).

ConstructConnect to fill).

The Agreements contain identical arbitration provisions requiring that "[a]ny controversy or dispute between the parties concerning this Agreement" be arbitrated before the AAA:

> The parties shall engage in good faith efforts to resolve any disputes that may arise between them under this Agreement by any means that they mutually deem appropriate. **Any controversy or dispute between the parties concerning this Agreement that cannot be resolved by the parties shall be submitted to arbitration under the rules and regulations of the American Arbitration Association**. Either party may invoke this paragraph after providing 30 days' written notice to the other party. All costs of arbitration shall be divided equally between the parties. Judgment upon the award rendered may be entered in and enforced by any court having jurisdiction.

Ex. A § 6.3 (emphasis supplied); Ex. B § 7.3 (same). Rule 7 of the AAA Commercial Arbitration Rules, both in 2005 and today, provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." *See* AAA, Commercial Arbitration Rules and Mediation Procedures (Sept. 15, 2005), https://www.adr.org/sites/default/files/Commercial%20Arbitration%20Rules%20and%20Mediation%20Procedures%20Sept.%2015%2C%202005.pdf; AAA, Commercial Arbitration Rules and Mediation Procedures (Sept. 1, 2022), https://www.adr.org/sites/default/files/CommercialRules_Web_0.pdf. Both

Agreements are governed by Massachusetts law.  Ex. A § 6.2; Ex. B § 7.2.

### III. Cartesian's Complaint

In its Complaint, Cartesian alleges that it entered into the Agreements with ConstructConnect in 2005.  Compl. (Doc. 1) ¶ 15.  The general terms of the Agreements—including the structure of the licensing fees and royalties, the parties' agreement that Cartesian's software contains "valuable trade secrets of Cartesian," and ConstructConnect's obligation to protect Cartesian's software from unauthorized disclosure—are alleged in the Complaint, *id.* ¶¶ 16–22, but not the arbitration provision.

After describing the Agreements, Cartesian alleges that ConstructConnect terminated the Distribution Agreement in 2007, *id.* ¶ 25, ceased paying license fees and royalties under the Distribution Agreement for Cartesian's software, *id.* ¶ 27, but continued to use and distribute Cartesian's software, *id.* ¶ 29.  Cartesian alleges that "[t]he continued use of the Cartesian [software] by defendants and their predecessors and related entities was unauthorized and unlicensed." *Id.* ¶ 30.

For ConstructConnect's alleged "unauthorized and unlicensed" use and disclosure of Cartesian's software, Cartesian asserts three claims against Defendants: (I) copyright infringement under 17 U.S.C. § 501; (II) violation of the federal Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b); and (III) violation of Florida's Uniform Trade Secrets Act, Fla. Stat. Ch. 688.  *Id.* ¶¶ 39, 46, 52.  As to the

copyright claim, Cartesian alleges that Defendants "copied, displayed, and distributed [Cartesian's software] and made derivatives of the [software] without Cartesian's authorization." *Id.* ¶ 39. As to the two trade secret claims, Cartesian alleges that Defendants "acquired [Cartesian's software] by improper means." *Id.* ¶¶ 46, 52.

## IV. <u>Standard</u>

The FAA requires courts to "enforce arbitration agreements according to their terms." *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (internal quotation omitted). Since arbitration clauses are based in contract, courts generally apply state contract law to determine the scope and enforceability of an arbitration clause, *see Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1415 (2019), but "state law is preempted to the extent it 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives' of the FAA," *id.* (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011)). The FAA "reflects the strong federal policy toward resolving disputed arbitrable issues through arbitration; in fact, 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the language itself or an allegation of waiver, delay, or a likely defense to arbitrability.'" *Full Moon Logistics v. Bald Eagle Logistics, Inc.*, No. 8:21-cv-02695, 2022 WL 479827, at *2 (M.D. Fla. Feb. 16, 2022) (quoting *Moses H. Cone*

*Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)).

"[P]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy. Thus, a court may conclude that the parties agreed to arbitrate the very issue of 'arbitrability' where 'there is clear and unmistakable evidence that they did so.'" *Martinez v. Carnival Corp.*, 744 F.3d 1240, 1246 (11th Cir. 2014). In such a case, the court should compel arbitration. *See, e.g., id.* at 1246–47 (affirming order compelling arbitration).

## V. <u>The Agreements Empower the Arbitrator to Decide Issues of Arbitrability</u>

Here, the Agreements which Cartesian entered with ConstructConnect expressly call for arbitration "under the rules and regulations of the American Arbitration Association." Ex. A § 6.3; Ex. B § 7.3. The Eleventh Circuit has repeatedly held, consistent with its sister Circuits, that "by incorporating AAA rules into their agreement parties clearly and unmistakably evince an intent to delegate questions of arbitrability." *JPay, Inc. v. Kobel*, 904 F.3d 923, 937 (11th Cir. 2018); *see also Arnold v. HomeAway, Inc.*, 890 F.3d 546, 552 n.5 (5th Cir. 2018) (collecting cases). Massachusetts state courts have held the same. *See, e.g., LMH-Lane Cabot Yard Joint Venture v. Mass. Elec. Constr. Co.*, No. 2184CV02019, 2021 WL 5630885, at *8 (Mass. Super. Sept. 22, 2021) ("In this case, the parties expressly agreed to the application of the AAA Rules. . . . By incorporating [this rule] into

6

the ... Agreement, the parties clearly and unmistakably agreed that an arbitrator must decide whether a particular dispute that arguably is covered by that contract's arbitration clause is in fact arbitrable." (internal quotation omitted)).

The incorporation of the AAA rules in the Agreements is evidence of clear and unmistakable intent to delegate questions of arbitrability to the arbitrator. Accordingly, the Court should enforce the delegation provision and compel arbitration to allow the arbitrator to decide any questions of arbitrability.

### VI. This Dispute Is Encompassed by the Arbitration Provision

Even assuming *arguendo* that this Court should decide questions of arbitrability instead of an arbitrator, the claims asserted by Cartesian in its Complaint are subject to the broad arbitration provision in the Agreements. "[The Eleventh Circuit has] recognized that the FAA creates a presumption of arbitrability such that any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (internal quotation omitted). The highest court in Massachusetts has similarly recognized that a dispute is presumptively arbitrable when the agreement contains a "broad" arbitration clause, defined as a clause "which essentially states that 'all disputes' regarding the agreement are subject to arbitration." *See Com. v. Philip Morris Inc.*, 864 N.E.2d 505, 511 (Mass. 2007) (affirming order compelling arbitration); *Local No. 1710, Int'l Ass'n of Fire Fighters,*

*AFL–CIO v. Chicopee*, 721 N.E.2d 378, 382–83, 386–87 (Mass. 1999) (distinguishing "narrow" and "broad" arbitration clauses).

Here, the arbitration provision in the Agreements is broad as it applies to "[a]ny controversy or dispute between the parties concerning this Agreement." Ex. A § 6.3; Ex. B § 7.3. This provision clearly and unequivocally encompasses all counts raised in the Complaint, as they all "concern" the Software License Agreement and Distribution Agreement. The Complaint describes the Agreements at length. Compl. (Doc. 1) ¶¶ 15–22. The crux of Cartesian's Complaint is that "[t]he continued use of the Cartesian [software] by defendants and their predecessors and related entities was **unauthorized and unlicensed,**" *id.* ¶ 30 (emphasis supplied), which necessarily implicates the licenses which contain the arbitration provision.

On a count-by-count basis, each claim specifically concerns one or both Agreements. Count I of the Complaint alleges that Defendants distributed Cartesian's software without authorization. *Id.* ¶ 39. The scope of ConstructConnect's authorization to distribute the software is governed by the aptly named Distribution Agreement. *See id.* ¶ 18; Ex. B. Similarly, Counts II and III allege that Defendants "acquired [Cartesian's software] by improper means." Compl. (Doc. 1) ¶¶ 46, 52. Whether ConstructConnect's acquisition of Cartesian's software was improper plainly concerns the Software License Agreement that

8

granted ConstructConnect a license to the software in the first place. *Id.* ¶ 15; Ex. A. Courts have compelled arbitration for similar claims. *See, e.g., Full Moon Logistics*, 2022 WL 479827, at *4 (compelling arbitration; holding misappropriation of trade secret claims fell within scope of arbitration provision because the existence of parties' relationship and defendant's receipt of trade secrets depended on terminated agreement with arbitration provision).

Because the Agreements contain a broad arbitration provision which covers this dispute, Cartesian cannot overcome the presumption of arbitrability and the Court should compel arbitration.

## VII. <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant this Motion, stay proceedings, and compel arbitration of all claims asserted in this litigation.

DATED:  April 18, 2023                        Respectfully submitted,

                                        By:  */s/ Jonathan R .Weiss*
                                            Jonathan R. Weiss
                                            jonathan.weiss@squirepb.com
                                            Florida Bar No. 057904
                                            SQUIRE PATTON BOGGS (US) LLP
                                            200 S. Biscayne Blvd., Suite 3400
                                            Miami, FL 33131
                                            Telephone: 305-577-7021
                                            Facsimile: 305-577-7001

                                            *Counsel for Defendants*

9

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that I conferred with counsel for Plaintiff via video conference regarding this Motion and that Plaintiff opposes the Motion.

*/s/ Jonathan R. Weiss*
Jonathan R. Weiss

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 18, 2023, a true copy of the foregoing has been filed via the CM/ECF filing system that will serve an electronic Notice of Filing to all counsel of record.

*/s/ Jonathan R. Weiss*
Jonathan R. Weiss

*Counsel for Defendants*
