UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARTESIAN PRODUCTS, INC.,

    Plaintiff,

v.                                                        Case No: 8:23-cv-61-KKM-JSS

ROPER TECHNOLOGIES, INC., et al.,

    Defendants.
_____

## ORDER

In 2005, Cartesian Products, Inc., contracted with Construction Software Technologies (a subsidiary of Roper Technologies, Inc.) for use of Cartesian's software subject to conditions and fees set forth in a license agreement and a distribution agreement. *See* Compl. (Doc. 1) ¶¶ 15–17. In 2007, Construction Software Technologies terminated the distribution agreement and informed Cartesian that it was no longer using the software. *Id.* ¶¶ 25–26. In April 2022, Cartesian discovered that Construction Software Technologies and its successor iSQFT continued to use and distribute Cartesian's software without paying the licensing fee. *Id.* ¶ 29. Cartesian sues Roper Technologies and its subsidiaries for copyright infringement, violation of the Economic Espionage Act, and violation of Florida trade secret law. *See id.* ¶¶ 36–54.

Defendants Roper Technologies and subsidiary company ConstructConnect (merged successor to named Defendants iSQFT, Construction Software Technologies, Inc., and OnCenter Software, Inc.) move to compel arbitration under the software license agreement and the software distribution agreement. *See* Mot. to Stay Proceedings & Compel Arbitration (Doc. 18). Although Roper indicates in its 3.01(g) certification that Cartesian opposes the motion, Cartesian failed to file a timely response. Therefore, the Court treats the motion as unopposed. *See* Local Rule 3.01(c).

The software licensing agreement provides that "[a]ny controversy or dispute between the parties concerning this Agreement that cannot be resolved by the parties shall be submitted to arbitration under the rules and regulations of the American Arbitration Association." Software License Agreement (Doc. 18-1) at 4. The distribution agreement contains an identical provision. *See* Distribution Agreement (Doc. 18-2) at 4.

There are two kinds of arbitrability questions under the FAA: (1) questions about "whether a particular merits-related dispute is arbitrable because it is within the scope of a valid arbitration agreement" and (2) questions about "who" "should decide arbitrability." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944–45 (1995). As the Defendants argue, "by incorporating [American Arbitration Association] rules into their agreement, parties clearly and unmistakably evince an intent to delegate questions of arbitrability" because the AAA rules empower the arbitrator to "rule on his or her own jurisdiction,

2

including any objections with respect to the existence, scope or validity of the arbitration agreement." *JPay v. Kobel*, 904 F.3d 923, 937 (11th Cir. 2018); *see* Mot. to Stay Proceedings & Compel Arbitration at 6. The arbitration clauses' incorporation of the AAA's rules is clear and unmistakable evidence that Cartesian and Construct Software Technologies agreed to arbitrate the question of whether Cartesian's claims are arbitrable.

Accordingly, the following is **ORDERED:**

1. Defendants' Motions to Compel Arbitration (Doc. 18) is **GRANTED**. The parties shall proceed to binding arbitration as required in the software licensing agreement (Doc. 18-1) and the software distribution agreement (Doc. 18-2).

2. This case is **STAYED**. The Clerk is directed to **TERMINATE** any pending motions or deadlines, and to **ADMINISTRATIVELY CLOSE** this case.

3. The parties must file a joint status report on **August 2, 2023,** and **every 90 days** thereafter. The parties must promptly notify the Court of the resolution of the claims asserted in this case.

**ORDERED** in Tampa, Florida, on May 4, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge